IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   CASE NO.: 4:06cr39-SPM

CLIFF LEONARD MERYL,

      Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS

Pending before the Court is Defendant Cliff Leonard Meryl's Motion to Suppress (doc. 22). At issue is the whether evidence gathered from the search of Defendant Meryl's residence should be suppressed for lack of probable cause. The parties filed memoranda on their respective positions, and on November 20, 2006, they presented testimony and oral argument. Upon consideration, the Court finds that the motion to suppress should be denied.

**I.   BACKGROUND**

According to the warrant affidavit prepared by Investigator Sam Gereg of the Tallahassee Police Department, in August of 2005 a confidential informant advised Investigator Gereg that a subject known as "Bobo" (later identified as Defendant Meryl) was selling cocaine. On August 8, 2005, the confidential informant made a controlled buy of an unspecified amount of cocaine from

Defendant Meryl at a convenience store.

Prior to the controlled buy, officers searched the confidential informant and his vehicle. Officers maintained visual surveillance of the confidential informant at all times during the controlled buy except for a short period of time when the confidential informant was in the convenience store. After the confidential informant left the convenience store, he turned over the cocaine to the investigators. The confidential informant told the investigators that he purchased the cocaine from Defendant Meryl and stated that additional cocaine could be purchased from Defendant Meryl at a later date. Meanwhile, a surveillance team followed Defendant Meryl. They observed Defendant Meryl depart from the convenience store, drive directly to his residence, and go inside.

Over the next seven months, the confidential informant provided accurate, reliable information on approximately 12 separate incidents not involving Defendant Meryl. Then, on February 28, 2006, the confidential informant advised Investigator Gereg that he could buy two ounces of cocaine from Defendant Meryl. At Investigator Gereg's instruction, the confidential informant arranged to make the purchase on March 1, 2006.

On March 1, 2006, officers parked in front of Defendant Meryl's residence, which had changed since the controlled buy on August 8, 2005.[1] The officers

---

[1] According to the warrant affidavit, on August 8, 2005 Defendant Meryl was living at 1810 Sylvan Cout #C. On March 1, 2006, Defendant Meryl was living at Lipona Road #10B.

saw Defendant Meryl's vehicle parked in front. When the confidential informant called Defendant Meryl to coordinate a meeting and conduct the transaction, Defendant Meryl stated that they should meet at Chapel Terrace Apartments.

An officer observed Defendant Meryl leave his residence in his vehicle. Officers followed Defendant Meryl to the Chapel Terrace Apartments. Once Defendant Meryl exited his vehicle, officers detained Defendant Meryl on an outstanding warrant from South Carolina. Officers used a drug dog to determine whether Defendant Meryl had cocaine in his vehicle. The dog alerted positively to the vehicle, but a search of the vehicle and of Defendant Meryl revealed no cocaine. When it was determined that he would not be extradited on the South Carolina warrant, Defendant Meryl was released.

An officer later found three bags of cocaine under the tire of a BMW that was parked right next to Defendant Meryl's vehicle. The amount of cocaine was consistent with the amount ordered by the confidential informant. The location of the cocaine was consistent with Defendant Meryl tossing it down to hide it. Officers immediately went back to Defendant Meryl's residence and saw Defendant Meryl's vehicle.

That same day, March 1, 2006, Investigator Gereg applied for a warrant to search Defendant Meryl's residence. Investigator Gereg states in the search warrant affidavit that based on his experience with narcotics search warrants over the past ten years and based on Defendant Meryl's travel to and from his

residence for the transactions, it was highly likely that evidence of drug activity (such as drugs, contact information for drug dealers, documents referencing drug transactions, and drug money) would be found inside Defendant Meryl's residence. Leon County Judge James O. Shelfer issued the search warrant, and it was executed that same day.

## II.    DISCUSSION

A search warrant may issue only upon probable cause, which is established if the totality of the circumstances, "including the [reliability] of persons supplying hearsay information, [indicates] there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Butler, 102 F.3d 1191, 1198 (11th Cir. 1997) (citing Illinois. v. Gates, 462 U.S. 213, 238 (1983)). A defendant moving to suppress evidence obtained though a warrant has the burden of establishing that the warrant is invalid. United States v. Osborne, 630 F.2d 374, 377 (5th Cir. 1980).

When assessing a warrant for probable cause, the court may consider only the information brought to the attention of the judicial officer issuing the warrant. United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982). Therefore, in cases where the judicial officer is provided only an affidavit outlining the events that give rise to a finding of probable cause, a court's review is limited to the four corners of the affidavit. Id.

A reviewing court must read the affidavit in a common sense fashion, and

must not interpret it with a grudging or negative attitude or in a hypertechnical manner.  Id.  "[G]reat deference [must be] given to the [judicial officer's] finding which should be upheld in marginal or doubtful cases."  Id. at 845.  "In issuing a search warrant the [judicial officer] must exercise his own judgment as to whether the facts alleged in the affidavit constitute probable cause for issuance of the warrant, he must act on the entire picture disclosed to him, he is entitled to use his common sense, and the courts have gone so far as to say that when this is done his determination is conclusive in the absence of arbitrariness . . . ."  United States v. Hyde, 574 F.2d 856, 862 (5th Cir. 1978) (quoting Batista v. Henderson, 487 F.2d 860, 863 (5th Cir. 1973)).

    **A.    Staleness**

Probable cause is time specific:  at the time the search warrant issues there must be cause to believe the items described in the search warrant will be at the specified location.  United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985).  Therefore, information supporting a search warrant cannot be stale.  United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994).  It must be timely enough to show that the items to be seized will probably still be found.  Id.  In determining whether information has become stale, courts look to "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and the nature and function of the premises to be searched."  Id.

Defendant Meryl argues that the warrant affidavit for the search of his residence is based on stale information and therefore fails to establish probable cause. Defendant Meryl notes that the only drug purchase supporting the search warrant occurred on August 8, 2005, nearly seven months prior to the execution of the search warrant. At that time, the confidential informant made a single purchase of an unspecified amount of cocaine. The confidential informant advised that Defendant Meryl was engaged in ongoing sales of cocaine, but did not describe the quantity of cocaine involved in such sales.

The information from August 8, 2005, however, was not the only information supporting the search warrant. Defendant Meryl's attempted sale of 2 ounces of cocaine on March 1, 2006 updates, substantiates, and corroborates the prior information from August 8, 2005. See id. at 450 (stale information can support a finding of probable cause if it is updated, substantiated, or corroborated). The fact that Defendant Meryl was selling cocaine on August 8, 2005 and March 1, 2006 indicates that Defendant Meryl was engaged in ongoing sales of cocaine.

In cases involving ongoing drug activity, the passage of time is not critical to the finding of probable cause. United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000). The existence of ongoing activity gives rise to a reasonable inference that evidence of the activity will continue to be present at some later date. Id. Accordingly, the information supporting the search warrant was not

stale and Defendant Meryl's motion to suppress on this ground will be denied.

### B.     Nexus between Drug Activity and Residence

Defendant Meryl also challenges the search warrant on grounds that there is no nexus between his drug activity and his residence to establish probable cause that evidence would be found in his residence.  The search warrant affidavit states that Defendant Meryl directly returned to his residence after the controlled buy on August 8, 2005.  Likewise, Defendant was at his residence before and after the attempted sale on March 1, 2006.  Investigator Gereg stated in the search warrant affidavit that based on his experience with narcotics search warrants over the past ten years, evidence of Defendant Meryl's drug activities would likely be found at Defendant Meryl's residence.

When read in a common sense manner, the information in the search warrant affidavit establishes a fair probability that evidence of drug activity would be found in Defendant Meryl's residence.  See United States v. Thomas, 989 F.2d 1252, 1253-53 (D.C. Cir. 1993).  Defendant Meryl was engaged in ongoing drug activity; and drug dealers are likely to keep evidence of their drug business at home.  United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986).  Moreover, Defendant Meryl's travel to and from his residence at the time of the drug transactions indicate that Defendant Meryl did not have some other base of operations.  Because evidence of Defendant Meryl's drug activity was likely to be kept at his residence, his motion to suppress on this ground will be denied.

### C. Good Faith

"Under [the] good faith exception to the exclusionary rule, suppression is necessary only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003) (quotations and citation omitted). In this case, there is no indication that the officers were dishonest or reckless. The officers had a reasonable belief in the existence of probable cause. Accordingly, the good faith exception precludes suppression of the evidence.

### III. CONCLUSION

The information in the search warrant affidavit was sufficient to establish probable cause that evidence would be found at Defendant Meryl's residence at the time the search warrant was issued. The officers acted in good faith. Therefore, it is

ORDERED AND ADJUDGED that Defendant Meryl's Motion to Suppress (doc. 22) be and hereby is denied.

DONE AND ORDERED this 8th day of December, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:06cr39-SPM