IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

vs.                                                       CASE NO.: 4:06-CR-039-SPM

**CLIFF MERYL,**

      **Defendant.**

_____

### ORDER DENYING PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS AND GRANTING GOVERNMENT'S MOTION IN LIMINE

**THIS CAUSE** comes before the Court upon Government's Proposed Supplemental Jury Instructions (doc 31), filed on February 13, 2007, Government's Motion in Limine (doc 45), filed on June 4, 2007, and Defendant's Response & Objection (doc 52), filed on June 7, 2007.

Government seeks to supplement the jury instructions for Count Three of the Indictment (possession of a firearm in furtherance of a drug trafficking crime) with the following:

> The nexus between the gun and the drug operation can be established by the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found. . . . While these factors are not exclusive, they distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard.

*See* doc. 31 at 1.

As grounds for this motion, Government states that this special instruction will educate the jurors about factors they should consider when deciding on the "in furtherance" requirement of Count Three. *See* doc. 1.

Pattern Jury Instruction 35.2 defines "in furtherance" as meaning "more than [the] mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offence in some way." This definition is sufficient to explain the "in furtherance" requirement of the statute.

As a second issue, Government's Motion in Limine requests that the court exclude from evidence, questioning, and argument, any and all references to Defendant's motivation for his plea of guilty to Count Four of the Indictment (possession of a firearm by a convicted felon). The reasoning for this request is that Defendant's motivations are irrelevant hearsay that "present the substantial danger of unfair prejudice". *See* doc. 45.

Defendant contends that if Government makes an argument concerning the illegal status of the firearm possession, then in fairness, he should be allowed to tell the jury about his guilty plea to Count Four (possession of a firearm by a convicted felon). Allowing the Government to refer to Count Four in a context that is convenient only to them is unfair. Accordingly, Government's Motion in Limine is granted, subject to Government's withholding of any arguments regarding the illegal status of the firearm possession. Should the Government elect to make the argument regarding the illegal status of the firearm possession,

Defendant will be permitted to present evidence of his guilty plea to Count Four.

Accordingly, it is

**ORDERED AND ADJUDGED** that the motion for supplemental jury instructions (doc. 31) is hereby *denied* and that the motion in limine (doc. 45) is hereby *granted*.

**DONE AND ORDERED** this thirteenth day of June, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge