**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                            CASE NO.: 4:06-CR-039-SPM

CLIFF MERYL,

        Defendant.

_____

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** comes before the Court upon the "Affidavit Accompanying Motion for Permission to Appeal in forma Pauperis" (doc. 129). Although no motion accompanies the affidavit, it is clear that Defendant is seeking in forma pauperis status on his direct criminal appeal. (See doc. 118) The affidavit was sent to the Eleventh Circuit Court of Appeals and forwarded to this Court for a ruling. Although the appeal appears to lack merit, it does not appear that the appeal is frivolous or otherwise taken without good faith.

Additionally, Defendant has requested, both through his trial counsel and in his affidavit (docs. 118 and 129) that he wishes to have a Public Defender appointed to represent him on appeal. Although Defendant retained trial counsel, upon review of Defendant's affidavit (doc. 129) and supplemental information filed by trial counsel (doc. 124), this Court finds that Defendant is indigent and cannot pay for the services of legal counsel. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's application to proceed in forma pauperis on appeal (doc. 129) is **granted** to the extent that he will not have to prepay the filing fee.

2. Because Defendant attests that he has only $45.69 his inmate bank account, the clerk of court shall permit Defendant to proceed without prepayment of an initial partial filing fee, as provided in 28 U.S.C. § 1915(b)(1)(A).

3. Defendant is advised that the granting of leave to proceed in forma pauperis is merely authorization to proceed without prepayment of the full filing fee. This does not relieve Defendant of the obligation to pay the full amount of the fee, regardless of dismissal or subsequent release from incarceration. As a prisoner, Defendant is required to make payments to the court until the total amount of the $455.00 fee for filing an appeal is paid. 28 U.S.C. § 1915(b)(1).

4. Defendant is required to make monthly payment of 20 percent of the preceding month's income credited to his inmate account. The agency having custody of Defendant shall forward payments from his account to the clerk of court each time the amount in the account exceeds $10 until the full amount of the filing fee ($455.00) is paid.

5. When Defendant is able to make payments to the court, Defendant is advised that checks from a penal institution, a cashier's check, or a

money order should be made payable to "Clerk, U.S. District Court." Personal checks will not be accepted. The following information shall be either included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

(a) the full name of the prisoner;

(b) the prisoner's inmate number; and

(c) this case number (5:04-cv-048-SPM/AK).

Checks or money orders that do not have this information will be returned to the penal institution or to Defendant.

6. The Clerk of Court shall mail a copy of this order, with the appropriate cover letter to: Department of Corrections, Office of the General Counsel, 2601 Blair Stone Road, Tallahassee, FL 32399-2500.

7. The Federal Public Defender is appointed to represent Defendant on appeal pursuant to the Criminal Justice Act.

8. The Clerk of Court shall mail and fax a copy of this order to the Office of the Federal Public Defender, 227 N. Bronough Street, Suite 4200 Tallahassee, Florida 32301.

**DONE AND ORDERED** this twenty-sixth day of June, 2008.

          *s/ Stephan P. Mickle*
          Stephan P. Mickle
          United States District Judge